2014 ND 132

**Holly K. MAIRS k/n/a Holly K. Aker, Plaintiff and Appellee**

v.

**Robbie R. MAIRS, Defendant and Appellant.**

**No. 20130293.**

Supreme Court of North Dakota.

June 24, 2014.

Tracey R. Lindberg, Breckenridge, MN, for plaintiff and appellee.

Tyler S. Carlson (argued) and Krista L. Andrews (on brief), Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Robbie Mairs appeals from an amended judgment modifying residential responsibility and awarding Holly Mairs, now known as Holly Aker ("Aker"), primary residential responsibility of the parties' two children. We conclude the district court did not err in modifying residential responsibility and awarding Aker primary residential responsibility of the parties' two children. We affirm.

I

[¶ 2] In May 2011, Mairs and Aker were divorced in a judgment which incorporated the terms of the parties' stipulation. The parties agreed to a parenting plan providing for joint residential responsibility of their two minor children. At the time of the divorce, both Mairs and Aker lived near Gwinner. In January 2012, Aker moved from North Dakota to Sioux Falls, South Dakota. Although neither party initially sought to amend the divorce judgment following Aker's move, the parties "settled into a practice" of Aker having parenting time every weekend during the school year, in addition to parenting time during any extended school breaks and all summer.

[¶ 3] In November 2012, Mairs moved the district court to amend residential responsibility and parenting time, requesting primary residential responsibility of the two children. Aker opposed the motion and also moved for primary residential responsibility. In December 2012, the court held that a prima facie case for modification of primary residential responsibility had been established and ordered an evidentiary hearing be held. In March 2013, the court entered an interim order setting weekend parenting time for Aker. After an April 2013 hearing, the district court ordered the parties and one of the

children to undergo additional counseling to address the parental liabilities identified in the custody investigator's report.

[¶ 4] In September 2013, the district court resumed the evidentiary hearing, after which the court awarded primary residential responsibility for the children to Aker and awarded parenting time to Mairs. On September 19, 2013, Mairs filed post-judgment motions requesting immediate reconsideration and a stay of the order or, alternatively, for the court to amend its findings and conclusions or grant a new trial. On September 24, 2013, Mairs moved to withdraw his post-trial motions in order to proceed with an appeal. On September 30, 2013, the court issued its findings of fact, conclusions of law, and order for amended judgment, and an amended judgment was entered. In October 2013, Mairs filed his notice of appeal from the September 30, 2013, amended judgment.

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

## II

[¶ 6] Mairs contends the award of primary residential responsibility to Aker was procedurally improper.

[¶ 7] Section 14–09–06.6, N.D.C.C., governs the post-judgment modification of primary residential responsibility. Generally, a parent may move to modify primary residential responsibility under the framework provided by N.D.C.C. § 14–09–06.6. *See Regan v. Lervold*, 2014 ND 56, ¶ 12, 844 N.W.2d 576. When the parents have joint or equal residential responsibility, however, an original determination to award "primary residential responsibility" is necessary. *See Maynard*

*v. McNett*, 2006 ND 36, ¶ 21, 710 N.W.2d 369 (original determination of primary residential responsibility is appropriate when the parties have joint residential responsibility and one party wishes to relocate); *see also* N.D.C.C. § 14–09–00.1(6) (" 'Primary residential responsibility' means a parent with more than fifty percent of the residential responsibility."); N.D.C.C. § 14–09–00.1(7) (" 'Residential responsibility' means a parent's responsibility to provide a home for the child."). This is also the case when the earlier residential responsibility determination is based on the parties' stipulation. *See Wetch v. Wetch*, 539 N.W.2d 309, 312–13 (N.D.1995) ("if the previous custody placement was based upon the parties' stipulation and not by consideration of the evidence and court[-]made findings, the trial court must consider all relevant evidence, . . . in making a considered and appropriate custody decision in the best interests of the children").

### A

[¶ 8] Mairs argues the district court did not conclude Aker had established a prima facie case under N.D.C.C. § 14–09–06.6(4) before holding the evidentiary hearing in this case. This Court has said, however, "any issue regarding the evidentiary basis for a court's decision that a prima facie case has been established under N.D.C.C. § 14–09–06.6(4) is rendered moot once the evidentiary hearing is held." *Kartes v. Kartes*, 2013 ND 106, ¶ 18, 831 N.W.2d 731; *see also Interest of N.C.M.*, 2013 ND 132, ¶ 9, 834 N.W.2d 270. We conclude any issue Mairs had regarding whether a prima facie case was established or necessary became moot after the evidentiary hearing was held.

### B

[¶ 9] Mairs argues the district court did not allow him a full opportunity

to be heard during the evidentiary hearing.

[¶ 10] The district court imposed time limits on each party to present or rebut the evidence presented at the hearing on April 26, 2013, and on September 13, 2013. At the outset of the evidentiary hearing, the court explained each party would have a total of three hours for direct examination and cross-examination. We have said the district court has broad discretion in controlling the time for a hearing. *See Wahl v. Northern Improvement Co.*, 2011 ND 146, ¶ 6, 800 N.W.2d 700; *see also Manning v. Manning*, 2006 ND 67, ¶ 30, 711 N.W.2d 149 ("A district court has broad discretion over the presentation of evidence and the conduct of trial, but it must exercise its discretion in a manner that best comports with substantial justice."); *Hartleib v. Simes*, 2009 ND 205, ¶ 15, 776 N.W.2d 217 ("In exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed.").

[¶ 11] Mairs contends the time limitations required his counsel to terminate cross-examination of the custody investigator to save time to cross-examine other witnesses and left only enough time to ask thirteen questions of Aker on cross-examination and sixteen questions of Mairs on direct examination. Mairs, however, did not make a motion in the district court for additional hearing time, nor did he make an offer of proof regarding what evidence would have been presented by further cross-examination or additional witnesses. Mairs generally contends on appeal the court's time limitations "extremely" hindered his ability to present and rebut evidence, denied him due process, and did not allow him a "full opportunity" to cross-examine the custody investigator and the individuals consulted by the custody investigator. Mairs has not identified what questions he would have asked and of whom or what difference the additional evidence would have made had he been provided more time.

[¶ 12] On the basis of our review of the record, we conclude the district court did not abuse its discretion is setting the time limits for the evidentiary hearing.

C

[¶ 13] Mairs argues Aker failed to make a necessary motion to relocate the children to South Dakota under N.D.C.C. § 14–09–07. "A parent with joint custody who wishes to relocate with the child must make two motions: one for a change of custody, governed by N.D.C.C. § 14–09–06.2, and one to relocate with the child, governed by N.D.C.C. § 14–09–07." *Maynard*, 2006 ND 36, ¶ 21, 710 N.W.2d 369; *see also* N.D.C.C. § 14–09–07(2) ("A parent with equal residential responsibility for a child may not change the residence of the child to another state except with consent of the other parent or order of the court allowing the move and awarding that parent primary residential responsibility."); *Dunn v. Dunn*, 2009 ND 193, ¶ 7, 775 N.W.2d 486 (citing 2009 N.D. Sess. Laws ch. 149, § 9 and *Hearing on S.B. 2042 Before Senate Judiciary Comm.*, 61st N.D. Legis. Sess. (Jan. 19, 2009) (written testimony of Sherry Mills Moore, explaining 2009 amendment to N.D.C.C. § 14–09–07(2) was intended to codify *Maynard* )).

[¶ 14] Although the district court found the children's best interests would be served by awarding primary residential responsibility to Aker, who was residing in South Dakota at the time of the motions and evidentiary hearing, Mairs argues the court erred in failing to make a specific finding that it would be in the children's best interests to relocate to another state and erred in failing to provide any analysis

or findings under the four *Stout–Hawkinson* relocation factors. *See Stout v. Stout*, 1997 ND 61, ¶ 34, 560 N.W.2d 903; *Hawkinson v. Hawkinson*, 1999 ND 58, ¶ 9, 591 N.W.2d 144 (modifying the fourth factor). Nonetheless, "[w]e have repeatedly held that issues not raised in the [district] court cannot be raised for the first time on appeal." *Frueh v. Frueh*, 2009 ND 155, ¶ 20, 771 N.W.2d 593 (quotation marks omitted). Mairs' failure to raise the issue of Aker's lack of a motion to relocate the children under N.D.C.C. § 14–09–07 in the district court precludes our review on appeal.

### III

[¶ 15] Mairs argues the district court committed clear error in holding an award to Aker of primary residential responsibility would be in the children's best interests.

[¶ 16] The district court must award primary residential responsibility to the parent who will better promote the best interests and welfare of the child. *Morris v. Moller*, 2012 ND 74, ¶ 6, 815 N.W.2d 266. In awarding primary residential responsibility, the district court must consider factors (a) through (m) provided in N.D.C.C. § 14–09–06.2(1) to evaluate the best interests and welfare of the child. The district court has substantial discretion in making a primary residential responsibility determination, but the court must consider all of the best-interest factors. *Wolt v. Wolt*, 2010 ND 26, ¶ 9, 778 N.W.2d 786. "Although a separate finding is not required for each statutory factor, the court's findings must contain sufficient specificity to show the factual basis for the custody decision." *Id.* The court must ultimately decide which parent will "better promote the [children's] best interests and welfare." *Marsden v. Koop*, 2010 ND 196, ¶ 9, 789 N.W.2d 531.

[¶ 17] "A court's award of primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous or it is not sufficiently specific to show the factual basis for the decision." *Schlieve v. Schlieve*, 2014 ND 107, ¶ 8, 846 N.W.2d 733. "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a custody case or substitute our judgment for a district court's initial custody decision merely because we might have reached a different result." *Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786 (quotation marks omitted). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or we are convinced, on the basis of the entire record, that a mistake has been made. *Regan*, 2014 ND 56, ¶ 15, 844 N.W.2d 576.

[¶ 18] Here the district court found that a material change in circumstances had occurred because of Aker's relocation to Sioux Falls, South Dakota, in January 2012, and the children had resided primarily with Mairs since Aker had moved. The court then expressly considered all of the best-interest factors under N.D.C.C. § 14–09–06.2(1), making detailed findings of fact on each factor. The court found factors (c) ("[t]he child's developmental needs and the ability of each parent to meet those needs, both in the present and in the future"), (e) ("[t]he willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child"), and (m) ("[a]ny other factors considered by the court to be relevant to a particular parental rights and responsibilities dispute") favored Aker; factors (d) ("[t]he sufficiency and stability of each parent's home environment, the impact of extended family, the length of time the child has lived in each parent's

home, and the desirability of maintaining continuity in the child's home and community") and (h) ("[t]he home, school, and community records of the child and the potential effect of any change") favored Mairs; and the remaining factors were either neutral or not applicable in this case.

[¶ 19] Mairs has raised a number of arguments regarding the application and weight of the factors, challenging the district court's findings on several of the best-interest factors. Mairs is essentially asking this Court to reassess the credibility of witnesses, reweigh the evidence, and make new findings of fact, which is beyond our scope of review of an award of primary residential responsibility. *See Wolt*, 2010 ND 26, ¶ 7, 778 N.W.2d 786. We have thoroughly reviewed the district court's findings of fact on the best-interest factors, and we are not left with a definite and firm conviction a mistake has been made. We therefore conclude the court's finding of fact awarding primary residential responsibility to Aker is not clearly erroneous.

## IV

[¶ 20] The amended judgment is affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, LISA FAIR McEVERS, and CAROL RONNING KAPSNER, JJ., concur.