FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
NOVEMBER 19, 2020
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 235

State of North Dakota,

Plaintiff and
Statutory Real Party in Interest

and

W.A.,

Plaintiff and Appellant

v.

P.K.,

Defendant and Appellee

## No. 20200073

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Susan J. Solheim, Judicial Referee.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Emily J. Rouse, Fargo, ND, for plaintiff and appellant W.A.

Steven J. Simonson, Fargo, ND, for defendant and appellee.

**State v. P.K.**
**No. 20200073**

**Crothers, Justice.**

[¶1]   W.A. appeals from a district court order finding P.K. the father of V.G.A. and awarding P.K. and W.A. equal decision-making responsibility, P.K. primary residential responsibility, W.A. parenting time, and ordering W.A. to pay child support. W.A. argues the district court did not follow proper procedure in adjudicating primary residential responsibility to P.K.

I

[¶2]   The State commenced this action on behalf of W.A. seeking to establish that P.K. is the father of V.G.A. and require that he pay child support. P.K. answered the complaint. P.K. later filed an amended answer and counterclaim requesting the court (1) adjudicate him the father of V.G.A.; (2) award P.K. primary residential responsibility of V.G.A.; and (3) establish child support. P.K. served the answer and counterclaim on both the State and W.A. The State declined to take a position on the issues of primary residential responsibility or parenting time.

[¶3]   W.A. did not file a reply to the counterclaim. A hearing was held on December 17, 2019. Evidence was presented on the issues of paternity, child support, primary residential responsibility and parenting time. The court made findings that two of the thirteen best interest factors favored P.K. and eleven favored neither party. The court entered an order adjudicating P.K. the father of V.G.A., awarding the parties equal decision-making responsibility, awarding W.A. parenting time, and ordering W.A. to pay child support. W.A. appeals from the district court's order.

II

[¶4]   W.A. argues the district court erred by addressing primary residential responsibility at the hearing. She claims P.K.'s counterclaim did not properly place the primary residential responsibility issue before the court because the Rules of Civil Procedure do not allow an individual to assert a counterclaim against the State. She also argues P.K. did not provide proper notice of the

1

hearing adequately informing her of what issues the court would address at the hearing.

A

[¶5]   Whether primary residential responsibility was properly before the court is a question of law. Questions of law are reviewed de novo. *Green v. Green*, 2009 ND 162, ¶ 5, 772 N.W.2d 612.

[¶6]   The North Dakota rule regarding counterclaims states:

> "A pleading *must* state as a counterclaim any claim that—at the time of its service—the pleader has against *any opposing party*, if the claim: (A) arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."

N.D.R.Civ.P. 13(a)(1) (emphasis added). The same rule generally prohibits asserting a counterclaim against a state officer or state agency. N.D.R.Civ.P. 13(d).

[¶7]   W.A. claims P.K. improperly expanded a paternity and child support action into one concerning primary residential responsibility by filing an amended answer and counterclaim. Rather than using a counterclaim, she argues P.K. needed to file a motion requesting the district court to establish primary residential responsibility. *See* N.D.R.Civ.P. 7(b) (a request for court order must be made by motion). Because the State commenced the action, W.A. argues any assertion of a counterclaim was barred by N.D.R.Civ.P. 13.

[¶8]   W.A.'s claim overlooks that she also was a party to the lawsuit, and that P.K.'s counterclaim requesting determination of primary residential responsibility was not asserted against the State. The State acknowledged it had no legal interest in determining primary residential responsibility because the child was not under the custody or control of the State. Therefore, the district court did misapply N.D.R.Civ.P. 13(a)(1) and did not err by adjudicating P.K.'s counterclaim against W.A. in the same proceeding where W.A. and the State sought to establish paternity and child support.

2

B

[¶9] W.A. claims P.K. did not serve her with a notice of hearing adequately informing her the court would consider the issue of primary residential responsibility. She argues she only received a notice of hearing on the State's complaint to establish paternity and child support. As a result, W.A. contends she did not know about and was not prepared to address all of the issues heard at the December 17, 2019 evidentiary hearing.

[¶10] "A continuance is the proper remedy for a party claiming unfair surprise." *Reimche v. Reimche*, 1997 ND 138, ¶ 9, 566 N.W.2d 790 (citing *State v. VanNatta*, 506 N.W.2d 63, 69 (N.D. 1993); *Williston Farm Equip., Inc. v. Steiger Tractor, Inc.*, 504 N.W.2d 545, 552 (N.D. 1993)). "A judgment will not ordinarily be reversed on appeal for surprise at the trial, where no request is made for a continuance at the time and there is no showing of inability to meet the situation." *Reimche*, at ¶ 9 (quoting *North Dakota Pub. Serv. Comm'n v. Central States Grain, Inc.*, 371 N.W.2d 767, 780 (N.D. 1985)).

[¶11] W.A. knew before trial P.K. was seeking custody of V.G.A. P.K. served his counterclaim on W.A. and she knew primary residential responsibility was a matter at issue in this case. Once at the hearing, W.A. did not object to the proceeding or request a continuance. While the district court stated it would not continue the matter, W.A. did not show an "inability to meet the situation" or that a new trial would probably result in a changed verdict. *Reimche*, 1997 ND 138, ¶ 9. In other words, W.A. failed to show she was unable to proceed with presenting her case or, in the alternative, that retrying the issues would have changed the verdict. We conclude the district court did not err in hearing the issue of primary residential responsibility.

III

[¶12] W.A. argues the district court erred in awarding primary residential responsibility to P.K. because the court's findings on the best interest factors were inadequate. W.A. claims the findings do not allow this Court to discern the factual basis for the district court's decision. W.A. argues the district court's findings do not support an award of primary residential responsibility to P.K.

3

[¶13] "We exercise a limited review of primary residential responsibility decisions." *Vetter v. Vetter*, 2020 ND 40, ¶ 8, 938 N.W.2d 417. "A district court's decision on primary residential responsibility is a finding of fact and will not be overturned on appeal unless clearly erroneous." *Id*. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence supports it, or if this Court, on the entire record, is left with a definite and firm conviction a mistake has been made." *Id*.

[¶14] District courts must award primary residential responsibility to the parent who will promote the child's best interests and welfare. *Lessard v. Johnson*, 2019 ND 301, ¶ 13, 936 N.W.2d 528. "In addressing the child's best interests, the court must consider all relevant factors under N.D.C.C. § 14-09-06.2(1)(a) through (m) . . . ." *Lucas v. Lucas*, 2014 ND 2, ¶ 11, 841 N.W.2d 697. The district court must consider all thirteen of the best interest factors when determining primary residential responsibility. *See Brouillet v. Brouillet*, 2016 ND 40, ¶ 7, 875 N.W.2d 485. However, the court need not make separate findings on each factor. *Lucas*, at ¶ 12.

[¶15] "Although a separate finding is not required for each statutory factor, the court's findings must contain sufficient specificity to show the factual basis for the custody decision." *Brouillet*, 2016 ND 40, ¶ 7. "It is not enough for the district court merely to recite or summarize testimony presented at trial to satisfy the requirement that findings of fact be stated with sufficient specificity." *Lucas*, 2014 ND 2, ¶ 12. "A court's findings are adequate if this Court is able to discern the factual basis for the court's decision, and the findings afford a clear understanding of its decision." *Id*. A court's oral findings may explain its written findings, especially when, in the interest of judicial economy, it would serve no useful purpose to remand for the preparation of more adequate findings. *Romanyshyn v. Fredericks*, 1999 ND 128, ¶ 6, 597 N.W.2d 420.

[¶16] W.A. asserts neither the judgment nor findings of fact contain enough analysis of the best interest factors. W.A. correctly notes the district court's written findings for seven of the factors simply state "[t]he court finds that this factor favors neither party." Two other findings state "the child is young and not of school age" (factor h) and "the child is young and not of age to state a

4

preference," (factor i) concluding "this factor favors neither party." According to W.A., the district court's written findings for these nine best interest factors (a, d, f, g, h, i, j, k, l, and m) are not sufficient to show the factual basis for the primary residential responsibility decision.

[¶17] The district court orally evaluated each factor at the conclusion of the evidentiary hearing. Each factor addressed by W.A. as being inadequately evaluated in the written findings were properly and adequately addressed in the court's oral findings after the evidentiary hearing. The court's findings are sufficiently understandable to this Court, especially when the written findings are considered in conjunction with the oral findings.

[¶18] W.A. also asserts the district court erred in awarding P.K. primary residential responsibility because the majority of the best interest factors favored neither party. "A child is presumed to be better off with the custodial parent, and close calls should be resolved in favor of continuing custody." *Larson v. Larson*, 2016 ND 76, ¶ 10, 878 N.W.2d 54 (quoting *Seibold v. Leverington*, 2013 ND 173, ¶ 11, 837 N.W.2d 342). When a majority of the best interest factors favor neither party, the matter is a close call. *See Rebenitsch v. Rebenitsch*, 2018 ND 48, ¶ 14, 907 N.W.2d 41. W.A. asserts that, as the custodial parent of V.G.A., the district court should have resolved primary residential responsibility in her favor because the court concluded eleven of the thirteen best interest factors favored neither party.

[¶19] There are two key distinctions between this case and the authorities cited by W.A. First, *Larson*, *Seibold*, and *Rebenitsch* dealt with modifications of custody and previously determined parenting time. A determination regarding custody between W.A. and P.K. had not been made prior to the district court's order. Second, the court found W.A. did not facilitate the relationship between P.K. and the child, a finding not present in the previously cited decisions. The district court here also found P.K. had not been provided with an opportunity to create a bond with the child, and testimony established W.A. sought to prevent P.K. from having a relationship with V.G.A. On this record, evidence supports the primary residential responsibility award to P.K. The district court's order granting P.K. primary residential responsibility was not clearly erroneous.

IV

[¶20] We have considered the remaining issues and arguments raised by W.A. and conclude they are either unnecessary to our decision or without merit.

V

[¶21] The district court judgment is affirmed.

[¶22] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte