# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 240

Jessica Krolik,                                               Petitioner

    v.

Cody Alan Muscha,                   Respondent and Appellant

## No. 20200085

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Douglas A. Bahr, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Jessica Krolik, petitioner; no appearance.

Theresa L. Kellington, Bismarck, ND, for respondent and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   Cody Muscha appeals from a domestic violence protection order. Muscha argues he was denied due process because he did not receive adequate notice of the protection order hearing.

I

[¶2]   On January 7, 2020, Jessica Krolik filed a petition for protection against Muscha. The court entered a temporary domestic violence protection order the same date, and a hearing was set for January 16. On January 8, a Wells County sheriff's deputy served Muscha with the temporary domestic violence protection order. Muscha claims the deputy told him the hearing was set for January 29 rather than January 16. Muscha did not appear at the January 16 hearing and a permanent order of protection for 10 years was granted based on a finding Muscha made threats of actual or imminent harm to Krolik.

[¶3]   On January 22, 2020, Muscha filed a request for review of the protection order claiming he was given insufficient notice of the hearing date, among other things. On February 19, 2020, the district court entered an order adopting the original domestic violence protection order and modified certain supervised visitation requirements regarding Krolik and Muscha's children. Muscha appeals from the amended order.

II

[¶4]   Muscha argues the district court erred when it entered the domestic violence protection order, asserting the deputy provided him with the wrong hearing date. Muscha asserts because he was provided with the wrong date, he was deprived of his due process right to be heard.

[¶5] Due process requires a party receive adequate notice and a fair opportunity to be heard. *Rath v. Rath*, 2014 ND 171, ¶ 14, 852 N.W.2d 377. "[T]o comport with due process, a fair hearing requires reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims." *Id.* (quoting *Harris v. Harris*, 2010 ND 45, ¶ 10, 779 N.W.2d 642). The due process clause requires that notice be reasonably calculated to inform parties of proceedings which directly and adversely affect their legally protected interests. *Walker v. City of Hutchinson, Kan.*, 352 U.S. 112, 115 (1956) (citing *Mullane v. Central Hanover Bank & Trust, Co.*, 339 U.S. 306 (1950)).

[¶6] Muscha claims his rights to due process and to a full and fair hearing were denied because the deputy provided him with the incorrect hearing date. However, the temporary protection order served on Muscha explicitly stated, "You may appear on the 16th day of January, 2020 at 10:30 AM with Referee Lindsey Nieuwsma and explain why the Petitioner's request for a permanent domestic violence protection order should not be granted or why the terms of the order should be changed." *See* N.D.C.C. § 14-07.1-02(3) ("Service must be made upon the respondent at least five days prior to the hearing."). Muscha admits he and his parents reviewed the protection order several times. At the hearing, the court made a record of Muscha's absence, and found he was provided notice and had an opportunity to be heard but did not appear.

[¶7] Contrary to Muscha's argument, the requirements of procedural due process have been satisfied. Notice was provided to Muscha on January 8, 2020, well in advance of the January 16 hearing. The notice was reasonably calculated to inform him of a proceeding which had the potential to adversely affect his legal interests. Muscha's failure to recognize the discrepancy between what he was allegedly told by the deputy and what the hearing notice stated, and his failure to appear at the hearing, cannot be imputed to the district court, even assuming Muscha was provided with an incorrect date. The district court did not err by issuing the permanent domestic violence protection order.

## III

[¶8]   The district court's domestic violence protection order is affirmed.

[¶9]   Jon J. Jensen, C.J.
       Gerald W. VandeWalle
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte