FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
APRIL 20, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 75

Richard Orville Sollin and

Linda M. Sollin,                                        Petitioners and Appellees

     v.

Dale Gerald Klein,                                        Respondent and Appellant

### No. 20200202

Appeal from the District Court of Pierce County, Northeast Judicial District, the Honorable Michael P. Hurly, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Ulysses S. Jones, Devils Lake, ND, for petitioners and appellees; submitted on brief.

Dale G. Klein, Rugby, ND, respondent and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Dale Klein appeals from a disorderly conduct restraining order directing he have no contact with Richard and Linda Sollin (collectively "the Sollins") until July 8, 2021. Klein argues he was not provided adequate service or proper notice of the petition for disorderly conduct against him. Klein also argues he was denied a full hearing because the district court granted the Sollins' joint petition after hearing the testimony of only one of the two petitioners. We affirm.

I

[¶2]   In June 2020, Klein filed a petition for a disorderly conduct restraining order against Richard Sollin. In support of his petition, Klein alleged he was attacked by Richard Sollin wielding a cattle dehorning pipe. Klein alleged the attack by Richard Sollin resulted in a physical injury and damage to Klein's phone. This incident was alleged to have occurred on June 26, 2020.

[¶3]   The district court granted an ex parte temporary disorderly conduct restraining order pending a hearing on Klein's petition. A hearing on Klein's petition was scheduled for July 8, 2020. Shortly before the hearing on Klein's petition commenced, Richard Sollin and his spouse, Linda Sollin, filed a joint petition for a disorderly conduct restraining order against Klein based upon the same incident occurring on June 26, 2020. In their petition, the Sollins alleged Klein cursed at them, gave them the middle finger, called them "vile names," recorded them with his phone, and blocked the Sollins from leaving the area.

[¶4]   Klein and the Sollins were present for the hearing on July 8, 2020. Klein represented himself. The Sollins appeared with an attorney. At the outset of the hearing, the district court advised Klein a petition had been filed against him by the Sollins. The court determined evidence would be received for both petitions during the hearing. Klein was provided a copy of the Sollins' petition after Klein and his witness, Deputy Josh Siegler, had testified.

[¶5]   Klein did not object to the district court's intent to consider the Sollins' petition nor did he request a continuance. After Klein was given a copy of the Sollins' petition, the court received testimony from Linda Sollin. During her testimony, Linda Sollin described her association with Klein and his family, recounted prior incidents involving Klein, and described her observations of the events that transpired on June 26, 2020. Klein subsequently cross-examined Linda Sollin. Richard Sollin did not testify at the hearing.

[¶6]   After hearing the testimony of Klein, Deputy Siegler, and Linda Sollin, the district court found there were reasonable grounds to support both petitions and granted both restraining orders. Klein appeals the order issued against him.

II

[¶7]   Klein argues he was not provided proper service or adequate notice of the Sollins' petition as required under N.D.C.C. § 12.1-31.2-01. He also argues "unfair surprise" because he did not receive a copy of the Sollins' petition until after the hearing had started.

[¶8]   Service of the Sollins' proceedings for a restraining order is governed by N.D.C.C. § 12.1-31.2-01(5)(b) which provides the "sheriff" serve a copy of the temporary restraining order, and notice of the time and place for the hearing on the temporary restraining order. Klein argues the Sollins' proceedings "was never served by the sheriff" and the failure to have the proceedings served by the sheriff is "a clear violation of" N.D.C.C. § 12.1-31.2-01(5)(b). At the beginning of the hearing in the case, the district court advised Klein of the Sollins' petition which was based upon the same incident alleged in Klein's petition. During the hearing, Klein was provided a copy of the petition. Klein did not object to the proceedings or the lack of service by the sheriff. While we decline to answer whether service by the sheriff was required under these circumstances, we conclude Klein waived any potential defect in the service by failing to object during the proceedings.

[¶9]   "A continuance is the proper remedy for a party claiming unfair surprise." *State v. P.K.*, 2020 ND 235, ¶ 10, 951 N.W.2d 254 (quoting *Reimche*

2

*v. Reimche*, 1997 ND 138, ¶ 9, 566 N.W.2d 790). Ordinarily, a judgment will not be reversed on appeal for surprise at the trial, where no request is made for a continuance at the time, and there is no showing of the "inability to meet the situation." *Id.* at ¶ 10; *see also Reimche*, at ¶ 9 ("A new trial will ordinarily not be granted for surprise or accident unless … a new trial will probably result in a changed verdict.") (internal quotation marks and citation omitted).

[¶10] At the beginning of the hearing in the case, the district court advised Klein of the Sollins' petition which was based upon the same incident alleged in Klein's petition. During the hearing, Klein was provided a copy of the petition. Klein did not object or request a continuance. Klein has also failed to provide this Court with any argument supporting a conclusion that a new hearing would probably result in a different outcome.

[¶11] Klein waived any claims of deficiencies in the service of the proceedings by failing to object to improper service. His failure to request a continuance also waives his claim of unfair surprise. Even if Klein had requested a continuance, Klein failed to show he was unable to proceed with presenting his case or that retrying the Sollins' petition would have changed the outcome of the hearing.

III

[¶12] Klein argues the district court's procedures during the hearing denied him a full hearing. A court has broad discretion over the conduct of a hearing. *Gullickson v. Kline*, 2004 ND 76, ¶ 15, 678 N.W.2d 138. The decision of the district court will not be reversed absent an abuse of discretion. *Gonzalez v. Witzke*, 2012 ND 60, ¶ 8, 813 N.W.2d 592. "A district court 'abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.'" *Id.* (quoting *State v. Blunt*, 2011 ND 127, ¶ 10, 799 N.W.2d 363).

[¶13] This Court has explained the procedural requirements a district court must follow in order to grant a disorderly conduct restraining order:

Before a restraining order may be granted, the petitioner's case must be proven before the court in a full hearing. N.D.C.C. § 12.1-31.2-01(4). This Court has stated that the "full hearing" that must accompany a disorderly conduct restraining order is a " 'special summary proceeding,' intended to 'quickly and effectively combat volatile situations before any tragic escalation.' " *Gullickson*, 2004 ND 76, ¶ 8, 678 N.W.2d 138 (quoting *Skadberg*, 2002 ND 97, ¶ 13, 644 N.W.2d 873). This Court also noted, because of the restraint and stigma that a restraining order places on the respondent, due process requirements must be met. *Id*. The petitioner must prove his petition through testimony, rather than by affidavits alone, with an opportunity for cross-examination. *Cusey v. Nagel*, 2005 ND 84, ¶ 15, 695 N.W.2d 697. Furthermore, petitions and affidavits themselves are inadmissible hearsay under N.D.R.Ev. 801(c). *Id*.

*Wetzel v. Schlenvogt*, 2005 ND 190, ¶ 23, 705 N.W.2d 836.

[¶14]   Klein alleges he was denied a full hearing because the district court was required to compel Richard Sollin, one of the two joint petitioners in the petition, to testify and be subject to cross-examination. Linda Sollin, who was present during the incident, testified regarding her recollection of the events which formed the basis of the Sollins' joint petition. Klein conducted a cross-examination of Linda Sollin. Based on the evidence presented to the court through the testimony admitted during the hearing, the court found there was reasonable grounds to believe Klein had engaged in disorderly conduct. We conclude the district court did not err by granting the restraining order against Klein, and in favor of both Richard and Linda Sollin, without hearing testimony by Richard Sollin. The district court did not abuse its discretion when it granted the Sollins' restraining order against Klein.

IV

[¶15] We conclude Klein waived personal jurisdiction and unfair surprise claims by appearing at the hearing and failing to object or request a continuance. We further conclude the district court did not err by granting the disorderly conduct restraining order after receiving testimony from one, but not both, of the Sollins. We have considered Klein's remaining arguments and

4

deem them to be without merit or unnecessary to our opinion. The disorderly conduct restraining order is affirmed.

[¶16] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte