IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 87

Kyle S. Zittleman,                                          Plaintiff and Appellee

v.

ShanaLea M. Bibler,                                     Defendant and Appellant

and

State of North Dakota,                             Statutory Real Party in Interest

No. 20240196

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kristin A. Binder, Mandan, ND, for plaintiff and appellee.

Theresa L. Kellington, Bismarck, ND, for defendant and appellant.

**Crothers, Justice.**

[¶1]   ShanaLea Bibler appeals from the district court's order denying her motion to modify residential responsibility. We affirm.

I

[¶2]   Kyle Zittleman and ShanaLea Bibler were married on December 31, 2010. One child was born in 2012. A Wyoming court granted the parties' divorce in 2016 and the court awarded Zittleman primary residential responsibility of their minor child. In 2018, Bibler filed a motion to modify residential responsibility and child support. The Wyoming district court ordered a revised parenting plan with Zittleman retaining primary residential responsibility. Zittleman moved to North Dakota for work, and in 2019 he filed a motion to register the Wyoming divorce and subsequent orders in North Dakota.

[¶3]   In 2020, Bibler filed a motion to modify the Wyoming judgment. In 2021, Morton County district court modified the judgment by altering parts of the parenting plan and keeping residential responsibility with Zittleman. In 2022, Bibler moved to North Dakota. In February 2023, child support was modified and a fourth amended judgment was entered. In March 2023, Bibler moved to modify residential responsibility, claiming a material change in circumstances since she moved to North Dakota, Zittleman has not followed the terms of the fourth amended judgment, and the child's demeanor worsened due to Zittleman's influence.

[¶4]   In 2024, the district court held an evidentiary hearing. The court scheduled a full day for the hearing. Both parties moved for continuances for various reasons. The court granted the continuances and rescheduled another full day hearing in March 2024. The parties later received notice that the starting time of the hearing was moved from 9:00 a.m. to 10:00 a.m. The court limited the hearing to two and one half hours per party. Both parties were given notice of this time constraint and neither objected or requested a continuance. The parties were instructed that they may use their time for both direct and cross-examination.

1

Additionally, the parties were allowed to submit their closing arguments through briefs to help mitigate any time constraints. Despite this, Bibler used all her time prior to cross-examining two witnesses. Bibler argues the inability to cross-examine these two witnesses violated her due process rights because the court relied on their testimony when making its decision.

[¶5] The district court found Bibler failed to establish a material change in circumstances and denied her motion. Other changes made to the judgment are not relevant to this appeal.

## II

[¶6] Bibler claims the district court erred in reducing the length of the evidentiary hearing and the reduction was a due process violation.

[¶7] "This Court applies a de novo standard of review when reviewing an alleged violation of a constitutional right." *State v. Sorenson*, 2009 ND 147, ¶ 16, 770 N.W.2d 701. "Due process requires a party receive adequate notice and a fair opportunity to be heard. To comport with due process, a fair hearing requires reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims." *Krolik v. Muscha*, 2020 ND 240, ¶ 5, 951 N.W.2d 229 (cleaned up). "[W]hen the court employs a procedure which fails to afford a party a meaningful and reasonable opportunity to present evidence on the relevant issues, the court has abused its discretion and violated the party's due process rights." *Gullickson v. Kline*, 2004 ND 76, ¶ 16, 678 N.W.2d 138. When addressing due process in the context of an evidentiary hearing on a petition for a disorderly conduct restraining order, we stated:

> "Whether thirty minutes is adequate to conduct a full hearing on a petition for a disorderly conduct restraining order is a case-specific determination. In some cases, thirty minutes is sufficient time for the respondent to present brief testimony and engage in meaningful cross-examination. Other cases will require more time to present evidence and meaningfully respond to the other party's evidence. *Gomm v. Winterfeldt*, 2022 ND 172, ¶ 23, 980 N.W.2d 204 (stating 'due process is flexible and considered on a case-by-case

basis, and the totality of the circumstances must be considered in all cases').”

*Gooss v. A.K.,* 2025 ND 19, ¶ 14, 16 N.W.3d 439.

[¶8] Prior to the hearing, the parties were notified about the length of the hearing. In *Mairs v. Mairs*, 2014 ND 132, ¶ 12, 847 N.W.2d 785, this Court concluded the district court did not violate due process by imposing a three-hour per party limitation on a hearing to change primary residential responsibility and amend parenting time. Similarly here, the court notified the parties of the time allotted for the evidentiary hearing and provided each with two and one half hours to present their cases. The court allowed closing arguments to be submitted by brief to accommodate the reduced time. The time per side permitted an opportunity for Bibler and Zittleman to examine and cross-examine witnesses, albeit not as much time as Bibler now claims to have wanted. On this record, we conclude the court did not violate Bibler's due process rights by limiting the evidentiary hearing to five hours and allocating half of that time to each party.

[¶9] In addition to the due process claim, we consider whether the district court abused its discretion by reducing the length of the evidentiary hearing.

[¶10] This Court reviews an appeal regarding the conduct of a hearing under an abuse of discretion standard of review. *Sollin v. Klein,* 2021 ND 75, ¶ 12, 958 N.W.2d 144. “A district court 'abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination.'” *Id.* (quoting *State v. Blunt,* 2011 ND 127, ¶ 10, 799 N.W.2d 363). “[T]he district court has broad discretion in controlling the time for a hearing.” *Mairs*, 2014 ND 132, ¶ 10. “In exercising that discretion, the court may impose reasonable restrictions upon the length of the trial or hearing and upon the number of witnesses allowed.” *Id.* (cleaned up).

[¶11] A district court has inherent authority to control the courtroom and limit the length of the proceeding. *See Mairs*, 2014 ND 132, ¶ 12 (“On the basis of our review of the record, we conclude the district court did not abuse its discretion

3

in setting the time limits for the evidentiary hearing."). A party can object to the time limitations of a hearing and can request additional time for a hearing or a continuance. *Gooss*, 2025 ND 19, ¶ 15. The failure of a court to sua sponte provide additional time or to continue the proceeding is not error. *Id.* (holding that the district court did not abuse its discretion when limiting the time for a hearing because neither party objected or requested a continuance).

[¶12] Here, like the complaining party in *Mairs*, Bibler "did not make a motion in the district court for additional hearing time, nor did [s]he make an offer of proof regarding what evidence would have been presented by further cross-examination or additional witnesses." 2014 ND 132, ¶ 11. Therefore, here, like in *Mairs*, we cannot agree the court abused its discretion by limiting Bibler's witness examination to two and one half hours.

III

[¶13] Bibler argues the district court erred in finding she did not meet the burden of showing there has been a material change in circumstances allowing for a modification of residential responsibility.

> "The district court's ultimate decision whether to modify primary residential responsibility is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. A finding of fact is clearly erroneous if there is no evidence to support it, if it is induced by an erroneous view of the law, or if we are convinced, on the basis of the entire record, that a mistake has been made. Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses, and we will not retry a residential responsibility case or substitute our judgment for a district court's . . . decision merely because we might have reached a different result."

*Valeu v. Strube*, 2018 ND 30, ¶ 8, 905 N.W.2d 728 (cleaned up).

[¶14] The district court heard testimony from Bibler, Zittleman, both the minor child's current and former therapists, Bibler's mother, Zittleman's girlfriend, Bibler's employer and former employer. The court also received 12 declarations and 13 exhibits.

4

[¶15] Based on the evidence provided, the district court found that Bibler's move to North Dakota does not constitute a material change in circumstances. The court also found that while Bibler claimed Zittleman was violating the terms of the fourth amended judgment, he is actually "hyper-focused on abiding by the black and white letters of the judgment" and this does not constitute a material change in circumstances. Finally, the court found Bibler's argument that Zittleman has directly harmed her relationship with the minor child was unpersuasive because it found Bibler was not credible. The court supported the finding with evidence that two witnesses testified Bibler asked them to lie or to not appear unless subpoenaed.

[¶16] Finally regarding a material change of circumstances, Bibler argued Zittleman is alienating their minor child from her. "A material change in circumstances may be present when one parent attempts to alienate a child's affection for the other parent, or when the child's parents are openly hostile towards each other and the child is negatively affected by that hostility." *Hankey v. Hankey*, 2015 ND 70, ¶ 12, 861 N.W.2d 479. The district court rejected the claim by finding, "The Court has reviewed the allegations and finds that the vast majority of the allegations simply pertain to [Zittleman's] inflexibility with the Judgment." The court found while two of the allegations may have risen to the level of alienation, there still was insufficient evidence to find alienation. The court's determination is supported by the finding that, while the minor child's former therapist believes alienation occurred, the current therapist, who the child has been seeing regularly since 2021, does not believe alienation is occurring.

[¶17] The district court's findings were based on evidence presented at the hearing, and we are not left with a definite and firm conviction a mistake has been made. Therefore, the court did not clearly err in finding there was not a material change of circumstances.

IV

[¶18] Bibler claims the district court erred in failing to conduct a best interests analysis. "The court must *first* decide whether there has been a material change

of circumstances, and if the court finds there has been a material change, it must then decide whether modification is necessary to serve the child's best interests." *Valeu*, 2018 ND 30, ¶ 9 (emphasis added) (citing *Vining v. Renton*, 2012 ND 86, ¶ 14, 816 N.W.2d 63). Because the court found no material change in circumstances it was not required to analyze the best interests factors. Therefore, the court did not err in omitting a best interest analysis from its order.

V

[¶19] Bibler argues the district court erred in failing to order a remedy for the parties to resolve parenting disputes or disputes regarding the relationship between Bibler and the child.

[¶20] Bibler filed a motion to modify residential responsibility. She did not file a motion to modify the parenting plan and alter the provisions regarding counseling and communication. Without a motion, the district court did not err by not ordering remedies addressing the parties' communication and parenting difficulties. *See Rath v. Rath*, 2014 ND 171, ¶ 15, 852 N.W.2d 377 (concluding district court erred in amending rather than clarifying parenting time when both parties filed motions for contempt and neither party moved to amend the divorce judgment).

VI

[¶21] We affirm the district court's order denying ShanaLea Bibler's motion to modify residential responsibility.

[¶22] Jon J. Jensen, C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte
  Douglas A. Bahr