2016 ND 16

Tara Dawn RITTER, n/k/a Tara
McDonald, Plaintiff and
Appellee

v.

Joshua Daniel RITTER, Defendant
and Appellant.

No. 20150202.

Supreme Court of North Dakota.

Jan. 14, 2016.

Elizabeth A. Elsberry (argued) and Christopher E. Rausch (on brief), Bismarck, ND, for plaintiff and appellee.

Suzanne M. Schweigert (argued) and Leah R. Carlson (argued), Bismarck, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1] Joshua Ritter appeals from a district court order denying his motion to modify primary residential responsibility of his two children. Joshua Ritter argues the district court erred in determining he failed to make a prima facie case that a material change in circumstances existed. We reverse and remand.

I

[¶ 2] In 2012 Joshua Ritter and Tara McDonald (formerly Tara Ritter) divorced via stipulation. The parties agreed Tara McDonald would have primary residential responsibility of their two minor children, Joshua Ritter's parenting time would be determined by mutual agreement and Tara McDonald would reasonably accommodate Joshua Ritter's requests for parenting time. The parties' parenting plan allowed Joshua Ritter two successive days of uninterrupted parenting time after giving Tara McDonald at least forty-eight hours notice and modification by mutual agreement. The district court adopted Joshua Ritter and Tara McDonald's agreed upon parenting plan in its order granting divorce.

[¶ 3] In 2015 Joshua Ritter filed a motion to modify primary residential responsibility with supporting affidavit re-

questing the parties be awarded equal residential responsibility. Joshua Ritter's affidavit asserted a change in his employment after the divorce judgment constituted a material change warranting modification of primary residential responsibility. At the time of divorce Joshua Ritter was a commercial airline pilot and was out-of-town up to four nights a week. Because of his unpredictable work schedule, Joshua Ritter agreed Tara McDonald would have primary residential responsibility. Joshua Ritter now is a pilot for a Bismarck company and works 7:30 a.m. to 5:30 p.m. Monday through Friday.

[¶ 4] Tara McDonald filed a brief and affidavit opposing Joshua Ritter's motion. Tara McDonald alleged Joshua Ritter's representation of his new work schedule was inaccurate and she has remarried since the divorce. Joshua Ritter's reply brief reaffirmed his new work schedule and presented Tara McDonald's remarriage as a second material change warranting modification of primary residential responsibility. The district court denied Joshua Ritter's motion to modify, finding he failed to establish a material change in circumstances.

## II

[¶ 5] A party seeking modification of an order establishing primary residential responsibility more than two years after its entry must establish a prima facie case justifying modification. N.D.C.C. § 14–09–06.6. If a prima facie case is established the district court will hold an evidentiary hearing. N.D.C.C. § 14–09–06.6(4). The district court may modify primary residential responsibility if it finds:

"a. On the basis of facts that have arisen since the prior order or which were unknown to the court at the time of the prior order, a material change has oc-

curred in the circumstances of the child or the parties; and

b. The modification is necessary to serve the best interests of the child."

N.D.C.C. § 14–09–06.6(6).

[¶ 6] "A prima facie case justifying a modification of primary residential responsibility and, therefore, an evidentiary hearing, is established by a material change in circumstances 'which either "requires" a change of custody for the child's best interests or "fosters" or "serves" the child's best interests.'" *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716 (citing *Blotske v. Leidholm*, 487 N.W.2d 607, 609 (N.D.1992)). "A material change in circumstances means important new facts that were unknown at the time of the prior custodial decree." *Id.* (citing *Schumacker v. Schumacker*, 2011 ND 75, ¶ 10, 796 N.W.2d 636). "Whether a party presented a prima facie case for a change of primary residential responsibility is a question of law, which this Court reviews de novo." *Id.* (citing *Schumacker*, 2011 ND 75, ¶ 6, 796 N.W.2d 636).

## III

[¶ 7] Joshua Ritter argues the district court erred in determining he failed to establish a prima facie case because his change in employment constitutes a material change in circumstances. Joshua Ritter alleges a significant change in work schedule is a material change warranting an evidentiary hearing for modification of primary residential responsibility. This Court considered scheduling changes for purposes of modifying parenting time in *Young v. Young*, 2008 ND 55, 746 N.W.2d 153. In *Young*, this Court affirmed a district court order finding a mother's scheduling problems, together with the child's behavior, to be a material change of circumstances sufficient to modi-

fy a visitation order. *Id.* at ¶ 15. We stated:

> "[a] Change in a parent's work schedule may also be a change of circumstances material to visitation and has been recognized in other jurisdictions. See *Grange v. Grange,* 15 Neb.App. 297, 725 N.W.2d 853, 860 (2006) (a significant change in a party's work schedule may suffice to reopen the subject of visitation); *Ahrens v. Conley,* 5 Neb.App. 689, 563 N.W.2d 370, 372–73 (1997) (change in work schedule, the child's increased age and child's preference to spend more time with parent collectively suffice as a material change of circumstances for visitation)."

*Id.* at ¶ 14.

[¶ 8] *Young* outlines the standard for modification of parenting time as opposed to primary residential responsibility. However, "[t]he standard for modification of visitation is similar to a modification of custody." *Simburger v. Simburger,* 2005 ND 139, ¶ 13, 701 N.W.2d 880. Both standards require the movant to establish a material change of circumstances and that the modification is in the best interests of the child. *See* N.D.C.C. § 14–05–22(2); *see also* N.D.C.C. § 14–09–06.6(6). However unlike changing of parenting time, modification of primary residential responsibility requires the movant make a prima facie case before an evidentiary hearing. N.D.C.C. § 14–09–06.6(4).

[¶ 9] The district court found that, "although a change in a parent's work schedule may be a material change in circumstances sufficient to modify visitation, it does not, without more, meet the definition of a material change in circumstances sufficient to modify primary residential responsibility." We disagree. This Court has noted "a parent's work schedule is an appropriate consideration in deciding primary residential responsibility." *Ham-* *meren v. Hammeren,* 2012 ND 225, ¶ 25, 823 N.W.2d 482. It may also be an appropriate consideration in determining whether a prima facie case for modification has been established. "A prima facie case is a bare minimum and requires facts which, if proved at an evidentiary hearing, would support a change of custody that could be affirmed if appealed." *Schumacker,* 2011 ND 75, ¶ 7, 796 N.W.2d 636 (citing *Joyce v. Joyce,* 2010 ND 199, ¶ 7, 789 N.W.2d 560). It is a "preliminary stage [which] creates a threshold burden upon the party seeking modification, requiring a showing that there is evidence upon which a court could rule in his favor." *Kartes v. Kartes,* 2013 ND 106, ¶ 12, 831 N.W.2d 731 (citation omitted).

[¶ 10] At the time of their divorce Joshua Ritter stipulated to Tara McDonald having primary residential responsibility because he worked for an out-of-state company and was often unavailable. Joshua Ritter asks the court to revisit this issue now that he is employed with a Bismarck company and has a more predictable work schedule. Because this was a stipulated case, the district court had wide latitude to do so.

> "[I]f the previous custody placement was based upon the parties' stipulation and not by consideration of the evidence and court[-]made findings, the trial court must consider all relevant evidence, including pre-divorce conduct and activities, in making a considered and appropriate custody decision in the best interests of the children."

*Hageman v. Hageman,* 2013 ND 29, ¶ 36, 827 N.W.2d 23 (citing *Woods v. Ryan,* 2005 ND 92, ¶ 11, 696 N.W.2d 508). Because Joshua Ritter's primary reason for stipulating to the parenting plan was his unavailability, and because his new employment results in a significant increase in his

ability to care for his children, Joshua Ritter established a material change in circumstances for modification of residential responsibility.

[¶ 11] Section 14–09–06.6(6), N.D.C.C., requires the court to decide whether a change in primary residential responsibility is necessary to serve the best interests of a child in addition to a determination of whether there has been a material change in circumstances. To determine whether modification is necessary to serve the best interests of the child, the court must consider the factors set out in N.D.C.C. § 14–09–06.2(1). *See Vining v. Renton*, 2012 ND 86, ¶ 17, 816 N.W.2d 63; *Siewert v. Siewert*, 2008 ND 221, ¶ 19, 758 N.W.2d 691. These factors include, among other factors, the parents' ability to provide and care for the child, meet each child's needs, and each parent's willingness to encourage a relationship with the other parent.

[¶ 12] Joshua Ritter's affidavit addresses many of the N.D.C.C. § 14–09–06.2(1) factors. Joshua Ritter indicated the children express concern about when they will see him and modification will provide added consistency and security for them. Joshua Ritter asserts modification would benefit the children by allowing him to more fully participate in their education because teachers would be able to provide information to both parents. Joshua Ritter alleges modification would reduce the risk the children are exposed to negativity because he and Tara McDonald would have fewer disagreements about his parenting time. The current parenting plan subjects Joshua Ritter, Tara McDonald and their children to instability where each week's schedule is subject to change with 48 hours notice. Joshua Ritter states equal primary residential responsibility will reduce the potential for frustration, miscommunication or friction in the family. Joshua Ritter also argues modification

would allow him greater responsibility for the children, ensuring the children know he is an equally committed parent. Joshua Ritter's affidavit provides sufficient evidence to support finding modification is in the best interests of the children under N.D.C.C. § 14–09–06.2(1).

[¶ 13] Joshua Ritter's change in employment resulted in a significant difference in his work schedule and his ability to care for his children. Joshua Ritter's new in-state job, more predictable work schedule and general availability constitutes a material change in circumstances. Evidence exists Joshua Ritter and Tara McDonald are both capable of parenting their children and that it is in the best interests of the children that Joshua Ritter and Tara McDonald share such responsibility. Therefore, Joshua Ritter established a prima facie case for modification of primary residential responsibility. "The conclusion that a prima facie case has been established is not a final determination of any issue in the case, but merely allows the case to proceed to a full presentation of the evidence at a hearing with a full and final determination of the issues on the merits." *Kartes*, 2013 ND 106, ¶ 12, 831 N.W.2d 731. Joshua Ritter is entitled to an evidentiary hearing and an opportunity to present evidence to support modification of residential responsibility.

IV

[¶ 14] Joshua Ritter also argues the district court erred in determining he failed to establish a prima facie case because Tara McDonald's remarriage constitutes a material change in circumstances. Tara McDonald argues that because she was living with her new husband, Andy McDonald, prior to her divorce with Joshua Ritter, her remarriage to Andy McDonald is not a material change in circumstances. Because Joshua Ritter's change

in employment constitutes a material change in circumstances sufficient to establish a prima facie case, we do not need to decide whether Tara McDonald's remarriage constitutes a material change in circumstance.

V

[¶ 15] We reverse the district court order finding Joshua Ritter failed to meet a prima facie case for modification of primary residential responsibility and remand the case for an evidentiary hearing.

[¶ 16] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, STACY J. LOUSER, D.J. and DALE V. SANDSTROM, JJ., concur.

[¶ 17] The Honorable STACY J. LOUSER, D.J., sitting in place of KAPSNER, J., disqualified.