# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 150

Kelsey Rae Lerfald, aka Kelsey Rae Bosch,  Plaintiff and Appellee

    v.

Tyson Arleigh Lerfald,  Defendant and Appellant

    and

State of North Dakota,  Statutory Real Party in Interest

## No. 20210008

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Thomas R. Olson, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Kelsey R. Bosch, self-represented, Horace, ND, plaintiff and appellee; submtited on brief.

Kristin A. Overboe, Fargo, ND, for defendant and appellant; submitted on brief.

**VandeWalle, Justice.**

[¶1]   Tyson Lerfald appealed from a district court order denying his motion to modify his child support obligation and the parenting time provisions of the amended judgment. Lerfald argues the district court erred by denying his motion to modify the parenting time provisions. He contends the parenting time provisions require him to maintain a valid driver's license and be solely responsible for parenting time transportation, which causes his parenting time to be contingent on having a valid driver's license. We affirm, concluding the court's finding that Lerfald failed to establish a material change in circumstances is not clearly erroneous and the court did not err in denying Lerfald's motion.

I

[¶2]   In 2015, Kelsey Lerfald, now known as Kelsey Bosch, sued for divorce. The parties have one minor child together. In November 2015, a divorce judgment was entered, incorporating the parties' stipulation, including that Bosch have primary residential responsibility of the child.

[¶3]   In February 2020, Bosch moved to modify parenting time. Lerfald did not respond to the motion or appear at a hearing on the motion. On March 3, 2020, the district court granted Bosch's motion. The court modified parenting time, including ordering, "Tyson must maintain a valid driver's license and shall be solely responsible for transportation to facilitate his parenting time." An amended judgment was entered.

[¶4]   In November 2020, Lerfald moved to modify the amended judgment. He requested the district court remove the provision requiring him to have a valid driver's license, enforce his parenting time, order reinstatement of his driver's license, and modify his child support obligation.

[¶5]   After a hearing, the district court denied Lerfald's motion. The court found there had not been a material change of circumstances since entry of the amended judgment which would warrant modification of the parenting-time provisions. The court found any changes that occurred were all negative regarding Lerfald's parenting time, including Lerfald's arrest for driving under the influence while the child was in the vehicle. The court also found an analysis of the best interest factors weighed in Bosch's favor.

II

[¶6]   Lerfald argues the district court erred by denying his request to modify the amended judgment to remove the requirement that he maintain a driver's license and be solely responsible for parenting time transportation. He claims the driver's license requirement provides an unreasonable restriction on his ability to exercise parenting time and parenting time should not be contingent on having a driver's license.

[¶7]   A court's decision concerning parenting time is a finding of fact, which will not be reversed on appeal unless it is clearly erroneous. *Rustad v. Baumgartner*, 2020 ND 126, ¶ 8, 943 N.W.2d 786. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if we are left with a definite and firm conviction a mistake has been made. *Id.* To modify a parenting time provision, the moving party must show that a material change in circumstances has occurred since entry of the prior parenting time order and that modification is in the child's best interests. *Id.* A material change is an important new fact that has occurred since the entry of the prior order. *Id.*

[¶8]   The district court denied Lerfald's motion, finding Lerfald failed to establish a material change in circumstances had occurred since entry of the amended judgment. Lerfald argues the court's finding is clearly erroneous but he does not explain what material change occurred that supports his motion. He argues the court failed to apply the best interest factors and the requirement that he provide the parenting time transportation with a valid driver's license is not in the child's best interest.

[¶9]   Lerfald testified his driver's license was suspended before the amended judgment was issued. The loss of his license is not a new fact that has occurred since the entry of the prior order, and therefore is not a material change in circumstances. The district court was not required to consider and make findings about the best interest factors unless a material change in circumstances was established. *Cf. Valeu v. Strube*, 2018 ND 30, ¶ 20, 905 N.W.2d 728 (stating district court was not required to consider the best interest factors when the party moving to modify primary residential responsibility failed to establish a material change in circumstances).

[¶10] Lerfald essentially argues the district court erred in ordering him to maintain a valid driver's license and be solely responsible for parenting time transportation. Lerfald's arguments constitute a collateral attack on the amended judgment. Lerfald did not appeal the amended judgment. "A party may not collaterally attack a final decision, that was not appealed, in subsequent proceedings." *In re T.H.*, 2012 ND 38, ¶ 20, 812 N.W.2d 373. If Lerfald believed the district court erred in entering the amended judgment by ordering him to maintain a driver's license and be solely responsible for parenting time transportation, his remedy was to appeal that decision.

[¶11] As the moving party, Lerfald had the burden to show a material change in circumstances exists. The district court found Lerfald failed to prove a material change. The evidence supports the court's findings. We conclude the court's findings are not clearly erroneous. We acknowledge the concern that requiring a parent to maintain a driver's license and be solely responsible for parenting time transportation may result in a denial of parenting time. However, Lerfald did not appeal the amended judgment and he failed to show a material change in circumstances exists, and therefore we are left without a remedy.

# III

[¶12] Lerfald argues the district court's findings are based on inadmissible hearsay evidence. He argues the court relied on Bosch's affidavits and exhibits, but she did not offer her exhibits or affidavits at the hearing, and therefore the court relied on inadmissible hearsay.

[¶13] In reviewing the district court's decision to admit evidence, we apply an abuse of discretion standard. *Krueger v. Krueger*, 2013 ND 245, ¶ 22, 840 N.W.2d 613. The court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.* "[T]he 'introduction of allegedly inadmissible evidence in a non-jury case is rarely reversible error, and we would only reverse such a holding if all the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.'" *Id.* at ¶ 23 (quoting *In re J.S.L.*, 2009 ND 43, ¶ 25, 763 N.W.2d 783).

[¶14] At the beginning of the hearing, Lerfald's attorney stated, "What I've got is a preliminary matter that we could offer the affidavits and exhibits into evidence." There was no further offer of Bosch's affidavit. Lerfald then called Bosch as a witness and cross examined her on the statements she made in her affidavits and exhibits. Generally a party cannot complain on appeal of alleged errors he invited. *State v. Morales*, 2019 ND 206, ¶ 30, 932 N.W.2d 106.

[¶15] Lerfald had the burden to establish a material change in circumstances occurred justifying a modification of the parenting time provisions. *See Schurmann v. Schurmann*, 2016 ND 69, ¶ 12, 877 N.W.2d 20. He failed to present evidence establishing a material change existed. To the extent the district court admitted any inadmissible evidence, the error was not a reversible error.

## IV

[¶16] We have considered all remaining issues and arguments raised, and we conclude they are either without merit or unnecessary to our decision. We affirm the order.

[¶17] Jon J. Jensen, C.J.
Gerald W. VandeWalle
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte