FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
JULY 19, 2023
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 129

| | |
|---|---|
| Ryan Fleck, | Plaintiff and Appellant |
| v. | |
| Dana Fleck, | Defendant and Appellee |
| and | |
| State of North Dakota, | Statutory Real Party in Interest |

## No. 20230011

Appeal from the District Court of Oliver County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

Opinion of the Court by McEvers, Justice.

Emily J. Rouse, Fargo, ND, for plaintiff and appellant.

Jennifer M. Gooss, Beulah, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1]  Ryan Fleck appeals from an order denying his motion to amend a parenting plan. He argues the district court erred in allowing Dana Fleck to testify, and he makes various challenges to the court's findings. We hold the court did not err in allowing Dana Fleck to testify. We further hold the court applied an erroneous standard for determining whether a material change in circumstances has occurred for purposes of modifying parenting time. We affirm in part, reverse in part, and remand for further proceedings.

I

[¶2]  The parties married in 2015 and have two minor children. In 2019, when Ryan Fleck sued for divorce, the children were living with Dana Fleck in Oklahoma. Ryan Fleck remained in North Dakota. The parties stipulated to a marital termination agreement, which included a parenting plan. They agreed Dana Fleck would have primary residential responsibility of the children. The parenting plan does not specify a schedule for Ryan Fleck's parenting time. It allows him "regular parenting time" in Oklahoma provided he gives "reasonable notice." The plan also provides Ryan Fleck parenting time in North Dakota for a minimum of one week in the summer and one week during winter break. The plan gives Dana Fleck final decision-making authority in the event of a dispute. The parties' stipulated agreement was incorporated into the divorce judgment, which neither party appealed.

[¶3]  In 2022, Ryan Fleck filed a motion requesting the district court hold Dana Fleck in contempt alleging she violated the terms of the parenting plan by failing to communicate and depriving him of time with the children. He also requested the court modify the parenting plan to set a summer and holiday schedule, to allow the children to spend the majority of the summer with him in North Dakota, and to remove the provision allowing Dana Fleck to make the final decision in the event of a dispute. He asserted the current plan was too unstructured and not in the best interests of the children.

[¶4] The district court entered an order for an evidentiary hearing determining Ryan Fleck established a prima facie case there had been a material change in circumstances adversely affecting the children. At the outset of the hearing, Ryan Fleck objected to Dana Fleck offering evidence. He argued she failed to comply with N.D.R.Ct. 3.2, which governs motion practice, because she did not provide notice that she intended to present evidence at the hearing. He claimed her testimony would amount to unfair surprise. The court overruled his objection. Both parties testified. Ryan Fleck testified he is no longer a truck driver. He argued this constituted a material change in circumstances because, as a truck driver, "he was making frequent trips to Oklahoma" and "this is now no longer the case."

[¶5] The district court denied Ryan Fleck's motion. The court held he failed to prove the existence of a material change in circumstances and either a general decline in the condition of the children or that the change has adversely affected the children. The court also held the evidence did not support a finding that modification of the parenting plan would be in the best interest of the children, noting: "Ryan Fleck did not submit a 'best interest analysis' upon which the Court could make that determination." Ryan Fleck appeals.

II

[¶6] Ryan Fleck argues the district court erred when it overruled his objection and allowed Dana Fleck to testify. He also asserts the court applied an erroneous standard to his motion to modify parenting time, the court made insufficient findings concerning the best interests of the children, and the current parenting plan constitutes an improper restriction on his right to parent.

A

[¶7] Rule 3.2(a)(2), N.D.R.Ct., sets deadlines for when a moving party and responding party may file their briefs and "other supporting papers." Ryan Fleck argues the term "other supporting papers" encompasses "declarations and exhibits," and consequently evidence may not be presented at a motion hearing unless notice of the evidence is included with briefing in accordance

2

with the Rule 3.2(a)(2) deadlines. He argues the district court erred by considering the evidence offered by Dana Fleck because it was not presented in a timely "declaration in support of her response."

[¶8] We apply principles of statutory construction when interpreting court rules. *Interest of A.P.*, 2023 ND 39, ¶ 10, 987 N.W.2d 345. We attempt to ascertain intent by first looking to the language of the rule, and we construe the rule's words based on their plain, ordinary, and commonly understood meaning. *Id.*; *see also Olsrud v. Bismarck-Mandan Orchestral Ass'n*, 2007 ND 91, ¶ 12, 733 N.W.2d 256. When possible, we construe the rule as a whole to give meaning to each word and phrase. *Olsrud*, at ¶ 12. "'The interpretation of a court rule, like the interpretation of a statute, is a question of law.'" *Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 9, 855 N.W.2d 608 (quoting *State v. Ebertz*, 2010 ND 79, ¶ 8, 782 N.W.2d 350).

[¶9] We reject Ryan Fleck's reading of the briefing deadlines in N.D.R.Ct. 3.2(a) as governing the presentation of evidence at a motion hearing. Rule 3.2(b) instead refers to motion hearings. It allows the district court to set a hearing on any motion and states: "the court may require oral argument and may allow or require evidence on a motion." Rule 3.2(b) does not contain any notice or timing requirements. Rule 3.2(b) is consistent with N.D.R.Civ.P. 43(b), which applies to the presentation of evidence on a motion and provides: "When a motion relies on facts outside the record, the court may hear the matter on declarations or may hear it wholly or partly on oral testimony or on depositions." *See Ibach v. Zacher*, 2006 ND 244, ¶ 5, 724 N.W.2d 165. The word "may"—used in both N.D.R.Ct. 3.2(b) and N.D.R.Civ.P. 43(b)—operates to confer discretion. *E.R.J. v. T.L.B.*, 2023 ND 85, ¶ 25, 990 N.W.2d 570. Whether to allow evidence on a motion, and what type of evidence to allow, is consequently within the sound discretion of the district court. *Ibach*, at ¶¶ 5–6; *see also State v. Krous*, 2004 ND 136, ¶¶ 10–11, 681 N.W.2d 822 (holding the district court did not abuse its discretion when it allowed the State to present evidence at a suppression hearing despite the State's failure to file any briefing).

3

[¶10] Ryan Fleck also argues the district court's decision to allow Dana Fleck to testify at the evidentiary hearing amounted to unfair surprise and "a trial by ambush." It is unclear why Ryan Fleck, who moved to hold Dana Fleck in contempt and to modify their parenting plan, would be surprised by her decision to testify at the evidentiary hearing set for his motion. In any event, the remedy for unfair surprise is a continuance, which he did not request. *See Sollin v. Klein*, 2021 ND 75, ¶ 11, 958 N.W.2d 144 (failure to request a continuance constituted waiver of claim for unfair surprise). We conclude the district court did not abuse its discretion when it allowed Dana Fleck to present evidence at the motion hearing.

B

[¶11]  Ryan Fleck argues the district court improperly applied the standard for modifying primary residential responsibility to his motion to modify parenting time.

[¶12] Section 14-09-30, N.D.C.C., sets out the required content for parenting plans. The district court has continuing jurisdiction to modify parenting time under N.D.C.C. § 14-05-22. *Green v. Swiers*, 2018 ND 258, ¶ 12, 920 N.W.2d 471. Section 14-05-22(2) states:

> After making an award of primary residential responsibility, the court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child, unless the court finds, after a hearing, that such rights of parenting time are likely to endanger the child's physical or emotional health.

The standard for modifying parenting time under § 14-05-22(2) is governed by our case law. *Simburger v. Simburger*, 2005 ND 139, ¶ 13, 701 N.W.2d 880. "A party moving to modify parenting time must show that a material change in circumstances has occurred since entry of the prior parenting time order and that the modification is in the child's best interests." *Konkel v. Amb*, 2020 ND 17, ¶ 7, 937 N.W.2d 540. For purposes of modifying parenting time, we have defined a material change in circumstances as "important new facts that were unknown at the time" of the initial parenting time order. *Wolt v. Wolt*, 2011 ND

4

170, ¶ 19, 803 N.W.2d 534 (quoting *Helfenstein v. Schutt*, 2007 ND 106, ¶ 18, 735 N.W.2d 410).

[¶13] A district court's decision on whether to modify parenting time is a finding of fact reviewed under the clearly erroneous standard of review. *Prchal v. Prchal*, 2011 ND 62, ¶ 11, 795 N.W.2d 693. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if on the entire evidence we are left with a definite and firm conviction a mistake has been made." *Id.* (cleaned up) (quoting *Dufner v. Trottier*, 2010 ND 31, ¶ 6, 778 N.W.2d 586).

[¶14] The standard for modifying parenting time is similar to, but distinct from, the standard for modifying primary residential responsibility, which is governed by N.D.C.C. § 14-09-06.6(6). *Simburger*, 2005 ND 139, ¶ 13. Both standards require a showing of a material change in circumstances and that modification is in the best interest of the child. *Ritter v. Ritter*, 2016 ND 16, ¶ 8, 873 N.W.2d 899. However, unlike a party requesting a modification of primary residential responsibility, a movant requesting changed parenting time is not required to establish a prima facie case to obtain an evidentiary hearing. *Id.*; *see also State ex rel. Seibold v. Leverington*, 2012 ND 25, ¶ 15, 812 N.W.2d 460. That requirement, as well as other limitations on modifying primary residential responsibility set out by § 14-09-06.6, are the result of the Legislature's intent "to dissuade dissatisfied or disgruntled parents from continuously using motions to change child custody as a means to disrupt the life of the child and custodial parent." *Simburger*, at ¶ 13. Section 14-05-22(2), however, does not contain these limitations.

[¶15] Modification of primary residential responsibility also requires a showing that the materially changed circumstances "adversely affect the child or result in a general decline in the child's condition." *Anderson v. Spitzer*, 2022 ND 110, ¶ 7, 974 N.W.2d 695; *see also Kunz v. Slappy*, 2021 ND 186, ¶ 28 , 965 N.W.2d 408 (holding the district court erred by modifying primary residential responsibility without an adverse effect or general decline finding). Dissimilarly, our standard for determining whether a material change in circumstances has occurred for purposes of modifying parenting time does not

require an adverse effect on the child or a resulting decline in the child's condition. We have recognized materially changed circumstances warranting modification of parenting time that do not necessarily implicate the child's welfare. For example, a material change in circumstances warranting modification of parenting time may occur when there have been significant changes to a parent's work schedule or a parent has remarried, *see Konkel*, 2020 ND 17, ¶ 7, or when a parent has experienced a serious health condition requiring treatment and associated scheduling changes, *see Ibach*, 2006 ND 244, ¶ 10. We have also recognized modification may be warranted based on a parent moving or based on conflict between parents concerning parenting time. *Schurmann v. Schurmann*, 2016 ND 69, ¶ 13, 877 N.W.2d 20; *see also Prchal*, 2011 ND 62, ¶ 12 (collecting additional cases analyzing materially changed circumstances in the context of parenting time). However, to be clear, regardless of how or whether the changed circumstances affect the child, modification of parenting time must always be in the child's best interests. *Ritter*, 2016 ND 16, ¶ 8. As a corollary to this rule, changes to parenting time may never be at the child's expense or create conditions adverse to the child's interests.

[¶16] Here, the district court entered a preliminary order for an evidentiary hearing determining Ryan Fleck had met his burden of establishing a prima facie case under N.D.C.C. § 14-09-06.6. Based on the evidence presented at the hearing, the court found Ryan Fleck had not met his burden of proof. The court determined Ryan Fleck was required to "show, in addition to a material change in circumstance, that the material change in circumstance adversely affected [the children] or resulted in a general decline in their condition." On this basis, and specifically relying on our opinion in *Kunz v. Slappy*, 2021 ND 186, the court declined to modify parenting time.

[¶17] We conclude the district court misapplied the law. *Kunz* clarified the requirements for modifying primary residential responsibility under N.D.C.C. § 14-09-06.6(6), which does not apply to modifications of parenting time. Section 14-05-22(2) instead governs parenting time modifications. Under § 14-05-22(2) and our case law, Ryan Fleck was not required to establish a prima facie case to be entitled to an evidentiary hearing. Nor was he required to prove

6

a material change in circumstances adversely affected the children or resulted in a decline in their condition. Adding the unnecessary requirement of proving a prima facie case was harmless because he received an evidentiary hearing; however, the district court's imposition of these additional statutory requirements on Ryan Fleck's motion to modify parenting time constitutes a misapplication of the law, and we therefore hold the court's decision is clearly erroneous.

## C

[¶18] In addition to the district court's determination that Ryan Fleck did not establish a material change in circumstances, the court appears to have made an alternative finding that modification of parenting time would not be in the best interests of the children. The court noted Ryan Fleck did not analyze the best interest factors under N.D.C.C. § 14-09-06.2, and the court found Ryan Fleck's testimony "was more of a statement as to what he wanted for visitation and parenting time rather than a persuasive analysis of facts that would justify modification." The court's analysis does not address the main impetus of Ryan Fleck's argument. He asserted the current "loose" and "not structured" parenting plan is not in the best interests of the children given the conflict between the parties and their inability to communicate. He also argued the plan was not in compliance with N.D.C.C. § 14-09-30 because it does not contain various scheduling, transportation, and communication provisions. The thrust of his argument is that a more structured plan, specifically complying with § 14-09-30, would benefit the children by imposing, in his words, "clear expectations" that will "avoid future disputes." Because we are unable to decipher the court's rationale for rejecting Ryan Fleck's argument, we decline to affirm the court's decision on the basis of its alternative best interest finding. *See McCormick, Inc. v. Fredericks*, 2020 ND 161, ¶ 57, 946 N.W.2d 728 (stating we cannot perform our appellate function if we cannot understand the district court's rationale).

## D

[¶19] Ryan Fleck argues the current parenting plan constitutes an improper restriction on his right to parent. However, he did not appeal from the initial

7

judgment. His arguments concerning the validity of the restrictions in the unappealed judgment constitute an impermissible collateral attack. *See Lerfald v. Lerfald*, 2021 ND 150, ¶ 10, 963 N.W.2d 244 (holding movant for modification of parenting time was not allowed to challenge unappealed parenting time requirements). A party may not use subsequent proceedings to attack a final decision that was not appealed. *Id.* If Ryan Fleck believed the court erred when it adopted the parties' stipulated parenting plan, "his remedy was to appeal that decision." *Id.*

## III

[¶20] We affirm the district court's ruling allowing Dana Fleck to testify under N.D.R.Ct. 3.2. We reverse the portion of the district court's order denying Ryan Fleck's motion to modify parenting time and remand the case for the court to make new findings applying the legal standards consistent with this opinion.

[¶21] Jon J. Jensen, C.J.
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte
      Jay A. Schmitz, D.J.

[¶22] The Honorable Jay A. Schmitz, D.J., sitting in place of Bahr, J., disqualified.

8