# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 198

Courtney Johnson,

Plaintiff and Appellee

v.

Joshua Staiger,

Defendant and Appellant

## No. 20250048

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Erica J. Shively, Bismarck, ND, for plaintiff and appellee.

Amanda J. Welder, Bismarck, ND, for defendant and appellant.

**Bahr, Justice.**

[¶1]   Joshua Staiger appeals from the district court's second amended judgment, order denying motion for reconsideration, and order denying modification. Staiger argues the court erred by denying his motion to modify residential responsibility. Staiger further argues the court erred by not making his requested modifications to parenting time or the parenting plan. Finally, Staiger argues the court erred in denying his motion for reconsideration and not ruling on his motion for clarification. Johnson requests an award of attorney's fees under N.D.R.App.P. 38. We affirm the second amended judgment, the order denying Staiger's motion for reconsideration, and the order denying modification. We deny Johnson's request for attorney's fees.

I

[¶2]   Staiger and Johnson were never married but have one child together, D.S. (born 2020). The original judgment awarded primary residential responsibility to Johnson subject to Staiger's parenting time every other weekend and one evening during the week opposite of his weekend.

[¶3]   In April 2022, Johnson filed a motion to modify the parties' parenting plan. Johnson requested the district court restrict Staiger's parenting time with a graduated plan for increased visitation.

[¶4]   The district court issued an amended judgment on July 6, 2023. The amended judgment provided a graduated parenting plan for Staiger. Under the amended judgment, Staiger was required to submit to alcohol testing through Soberlink three times a day for one year. If Staiger tested positive for alcohol, his parenting time started over at Step 1. The amended judgment provided, "Step 1 following a positive test result requires supervised visitation through the Family Safety Center during the stated times for the first four of the six weeks in that Step." A missed test was presumed positive. In addition, Staiger was required to continue working on "his mental health issues and behaviors that have been

1

found to adversely impact D.S.," and to provide proof to Johnson he is actively engaged in his treatment programming.

[¶5] Staiger appealed the amended judgment. This Court dismissed the appeal after Staiger filed a motion to dismiss appeal. To date, Staiger has not graduated to Step 2 of the graduated parenting plan.

[¶6] In March 2024, Johnson was arrested for and pled guilty to a driving under the influence (DUI) charge. D.S. was in the car with Johnson when she was arrested after she bumped a vehicle in front of her at a stop light. Johnson's sentence required she participate in the 24/7 sobriety program. Johnson began wearing an ankle monitor to detect alcohol in April 2024.

[¶7] After Johnson's DUI charge, Staiger moved for primary residential responsibility. In the alternative, Staiger requested the district court modify the parenting plan to award equal parenting time, to award joint decision-making responsibility, to remove the requirement for him to test on Soberlink at 12:30 p.m. on workdays, and to put in place reasonable safety measures to ensure Johnson is unable to put D.S. in harm's way.

[¶8] In November 2024, the district court denied Staiger's request to change primary residential responsibility. The court found Johnson's DUI did not rise to the level of a material change in circumstances that required modification of primary residential responsibility. The court further found D.S.'s interests are best served by Johnson continuing to have primary residential responsibility.

[¶9] The district court modified the parties' parenting plan and entered a second amended judgment. The second amended judgment removed the requirement Staiger take a 12:30 p.m. test on his workdays. It required Johnson to continue participating in the 24/7 sobriety program as ordered in her criminal case; begin mental health services, as recommended by the Human Service Zone; and to provide Staiger proof she is following through with recommended therapy. It also made modifications, indicated in bold, to the parenting time restrictions:

i) Neither party shall drink **ANY** alcohol while they are providing care for D.S. **and neither party may provide care for D.S. after consuming alcohol for a period of at least 8 hours.**

ii) . . . .

iii) Neither parent shall transport the child if they are under the influence of alcohol or drugs**, or if they have consumed alcohol within 8 hours of transport**.

[¶10] Staiger filed a motion for reconsideration and a motion for clarification. The district court denied Staiger's motions.

## II

[¶11] Staiger argues the district court erred in not modifying residential responsibility.

## A

[¶12] A district court's decision on residential responsibility is a finding of fact subject to the clearly erroneous standard of review. *Kinden v. Kinden*, 2025 ND 68, ¶ 10, 19 N.W.3d 811. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or if the reviewing court, on the entire evidence, is left with a definite and firm conviction a mistake has been made." *Id.* (quoting *Iakel-Garcia v. Anderson*, 2021 ND 210, ¶ 6, 966 N.W.2d 892). "Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not retry a primary residential responsibility case or substitute our judgment for a district court's . . . decision merely because we might have reached a different result." *Id.* (quoting *Iakel-Garcia*, ¶ 6). "A choice between two permissible views of the weight of the evidence is not clearly erroneous[.]" *Id.* (quoting *Iakel-Garcia*, ¶ 6).

[¶13] "Before modifying primary residential responsibility, N.D.C.C. § 14-09-06.6(6)(a) requires the court find a material change in circumstances of the child or the parties." *Weber v. Pennington*, 2025 ND 105, ¶ 12, 22 N.W.3d 726. "A material change in circumstances means important new facts that were unknown

at the time of a prior custodial decree." *Id.* (quoting *Schroeder v. Schroeder*, 2014 ND 106, ¶ 7, 846 N.W.2d 716). "To warrant modification, the material change in circumstances must adversely affect the child or result in a general decline in the child's condition." *Id.* (quoting *Anderson v. Spitzer*, 2022 ND 110, ¶ 7, 974 N.W.2d 695). "The court must *first* decide whether there has been a material change of circumstances, and if the court finds there has been a material change, it must then decide whether modification is necessary to serve the child's best interests." *Zittleman v. Bibler*, 2025 ND 87, ¶ 18, 20 N.W.3d 148 (quoting *Valeu v. Strube*, 2018 ND 30, ¶ 9, 905 N.W.2d 728). If the court finds no material change in circumstances, it is not required to analyze the best interest factors. *Id.* ¶ 18.

B

[¶14] Staiger argues Johnson driving impaired is a material change of circumstances. He argues Johnson "risked the safety of D.S. by involving him in a drunken car accident." Staiger further asserts Johnson driving impaired with D.S. in the vehicle "put D.S. at risk and reflect a general decline in his welfare while he is cared for by [Johnson]." Staiger also appears to argue his improved circumstances is a material change of circumstances. He asserts he participates in therapy, engages in aftercare, addresses treatment related needs, and practices a lifestyle conducive to sobriety.

[¶15] The district court found Johnson's DUI incident did not rise "to the level of a material change in circumstances that would require modification of primary residential responsibility." The court explained it "is not condoning Courtney's decision to engage in this behavior." Rather, it "is looking at the impact on D.S. and his welfare." The court found:

> It is significant that D.S. was uninjured as a result of the crash. No testimony or evidence was received by the Court that demonstrated any emotional harm to D.S. as a result of the crash or Courtney's alcohol consumption. Other than argument by Joshua that this incident impacted D.S., the Court does not have any facts that demonstrate Courtney is prevented from providing D.S. with love, affection, guidance, and nurture. In addition, the Court has not received facts that show a decline in the child's condition, or that D.S.'s educational or developmental needs are not being met. Joshua

4

has failed to prove this substantial burden warranting a modification of residential responsibility.

[¶16] Our cases show district courts may properly consider a parent's alcohol abuse and act of driving under the influence when determining whether a material change of circumstances exists. However, our cases do not show an isolated incident of a parent driving under the influence automatically mandates a finding of a material change of circumstances.

[¶17] In *Ramstad v. Biewer*, 1999 ND 23, ¶ 6, 589 N.W.2d 905, this Court, in a three-two opinion, affirmed a district court's order finding a material change in circumstances existed when Ramstad, a sober alcoholic at the time of the original custody order, was admittedly currently drinking, had two DUI convictions within eight months, did not seek treatment, stated he had no intention or desire to stop drinking, and did not have his drinking under control. In addition to the alcohol issue, there was evidence of domestic violence and an unstable living environment that could be detrimental to the child mentally and physically. *Id.* ¶ 7. The court addressed the impacts the changes had on the child, finding the "changes have so adversely affected [the child] that she was doing poorly in school, regularly complained to her teacher of headaches, and asked to talk with the guidance counselor at school after telling Ms. Garrett about witnessing her father shove her mother up against the wall." *Id.* ¶ 9. Even with these facts, two justices dissented. *Id.* ¶¶ 31-38.

[¶18] In *Ludwig v. Burchill*, 514 N.W.2d 674, 675 (N.D. 1994), this Court, in a four-one opinion, affirmed a district court's finding a material change in circumstances existed in part based on Burchill's DUI conviction and continued drinking. Burchill argued "there was no evidence that his second DUI conviction and his continued drinking adversely affected the child." *Id.* at 675. The court found Burchill failed to attend AA as ordered by the court, continued drinking, and was convicted of a second DUI. *Id.* at 676. In addition to failing to treat his alcoholism, the court found Burchill failed to adjust his night shift to the day shift as expected and abdicated his parenting responsibilities. *Id.* The court also made findings that Burchill's alcohol dependence negatively affected his parenting

5

skills and adversely effected the child. *Id.* Despite the district court's findings, one justice dissented. *Id.* at 678-81.

[¶19] Recently, in *McCay v. McCay*, 2024 ND 130, ¶ 8, 9 N.W.3d 687, we affirmed a district court's finding of a material change in circumstances when, after the initial order, David McCay, the parent with primary residential responsibility, was diagnosed with alcohol use disorder and cannabis use disorder, failed to complete treatment, and had been charged with his fourth DUI offense. Further, "[t]he district court found that David McCay has demonstrated a complete disregard of, or inability to comply with, court orders to address his chemical usage." *Id.* The record also revealed that, after the initial judgment, "David McCay was convicted of endangering the child," "was repeatedly unemployed, had moved, and had been repeatedly incarcerated[.]" *Id.* The court also made findings the changes in circumstances adversely affected the child. *Id.* ¶¶ 12, 13.

[¶20] The district courts' findings of material change in circumstances in the cited cases include facts beyond an isolated incident of driving under the influence. Also, the courts found the changed circumstances adversely affected the child. Here, the court found Staiger failed to show the DUI incident adversely affected D.S. or resulted in the general decline of his condition. It also found Johnson completed an eight-hour education program through ADAPT, had been wearing an ankle monitor to test alcohol since April 2024, and had not had a positive test for alcohol. *Cf. Jelsing v. Peterson*, 2007 ND 41, ¶ 16, 729 N.W.2d 157 (stating the district court did not "minimize" the parent's conduct when it "found the driving under the influence incident was isolated, [the parent] had seen the error of her ways, and that type of conduct was not likely to reoccur").

[¶21] Regarding Staiger's alleged improved circumstances, this Court has stated a material change in circumstances can exist "when the noncustodial parent's situation improves accompanied by a general decline in the child's condition with the other parent over the same time period." *Krueger v. Hau Tran*, 2012 ND 227, ¶ 14, 822 N.W.2d 44. The district court found Staiger did not show a decline in D.S.'s condition. Thus, even if Staiger's circumstances improved, that would not constitute a material change of circumstances warranting a modification of residential responsibility.

6

[¶22] The district court's findings are supported by the record. While, depending on the specific facts, a parent driving impaired with a child in the vehicle may constitute a material change in circumstances, under the facts of this case, the court's finding there was not a material change in circumstances requiring modification of primary residential responsibility is not clearly erroneous.

C

[¶23] Staiger argues the district court "erred in its best interest analysis."

[¶24] After considering the evidence, the district court made specific findings on the best interest factors. The court found factors (b), (d), (e), (j), and (l) favored Johnson. It found the other factors were neutral or favored neither party. It then found D.S.'s interests are best served by Johnson continuing to have primary residential responsibility.

[¶25] Staiger does not specifically challenge the district court's findings as to any best interest factor. He does not identify or discuss a single factor. Rather, he vaguely asserts the court's restrictions on his parenting time do not serve D.S.'s best interest. That argument relates to his request for modification of the parenting plan, not his request to modify primary residential responsibility.

[¶26] Moreover, the district court did not need to address the best interest factors because it found no material change of circumstances. The court only needed to decide whether a change in primary residential responsibility served the child's best interest *if* it found a material change of circumstances. *Zittleman*, 2025 ND 87, ¶ 18.

[¶27] The district court's decision on residential responsibility is not clearly erroneous. We affirm the court's order denying Staiger's motion to modify residential responsibility.

III

[¶28] Staiger requested, in the alternative, the district court modify his parenting time or certain provisions of the parenting plan. Specifically, in his brief, Staiger

requested the court modify the parenting plan to award equal parenting time, joint decision-making responsibility, remove the requirement for him to test on Soberlink at 12:30 p.m. on workdays, and put in place reasonable safety measures to ensure Johnson is unable to put D.S. in harm's way.

A

[¶29] "A party moving to modify parenting time must show that a material change in circumstances has occurred since entry of the prior parenting time order and that the modification is in the child's best interests." *Fleck v. Fleck*, 2023 ND 129, ¶ 12, 993 N.W.2d 534 (quoting *Konkel v. Amb*, 2020 ND 17, ¶ 7, 937 N.W.2d 540). "A district court's decision on whether to modify parenting time is a finding of fact reviewed under the clearly erroneous standard of review." *Id.* ¶ 13. "Likewise, a district court's determination on decisionmaking responsibility is a finding of fact, reviewed under the clearly erroneous standard." *Field v. Field*, 2024 ND 84, ¶ 12, 6 N.W.3d 595.

B

[¶30] Staiger argues the district court erred in requiring him to participate in chemical testing. The court imposed the testing requirement and placed restrictions on Staiger's parenting time in the July 6, 2023 amended judgment. Our review is limited to the November 19, 2024 second amended judgment. *Fleck*, 2023 ND 129, ¶ 19 (appellant's arguments concerning the validity of the parenting plan restrictions in an unappealed judgment constitute an impermissible collateral attack); *Lerfald v. Lerfald*, 2021 ND 150, ¶¶ 10-11, 963 N.W.2d 244 (holding movant for modification of parenting time was not allowed to challenge unappealed parenting time requirements).

[¶31] The second amended judgment modified the parenting plan by removing, as requested by Staiger, the requirement he test at noon (12:30 p.m.) while he is working. Staiger does not challenge that modification. The second amended judgment also imposed restrictions on Johnson's alcohol consumption with D.S. Staiger challenges that modification.

[¶32] In his brief in support of his motion to modify the parenting plan, Staiger requested the district court put in place reasonable safety measures to ensure Johnson is unable to put D.S. in harm's way again. Based on Johnson's "poor choices and placing D.S. at risk," the court imposed alcohol consumption restrictions on Johnson. The court stated:

> Neither party will be permitted to care for D.S. if they have been using controlled substances or drinking alcohol. Courtney has to remain on the 24/7 program for a year, based upon her criminal conviction. If Courtney does test positive for alcohol, she must inform Joshua within 24 hours of the positive test through Our Family Wizard. Courtney must also begin mental health services, as recommended by the Human Service Zone. Courtney must provide Joshua proof that she is complying with this provision by informing Joshua of the provider and proof she has followed through with recommended therapy. Courtney must enroll in services within 30 days from the date of this Order and engage in therapy as recommended. Proof of enrollment must be provided to Joshua within 40 days from this Order.

[¶33] The district court modified the parenting plan to provide:

> Courtney must continue to participate in the 24/7 sobriety program as ordered in her criminal case. If Courtney does test positive for alcohol, she must inform Joshua within 24 hours of the positive test through Our Family Wizard. Courtney must also begin mental health services, as recommended by the Human Service Zone. Courtney must provide Joshua proof that she is complying with this provision by informing Joshua of the provider and proof she has followed through with recommended therapy. Courtney must enroll in services within 30 days from the date of this Order and engage in therapy as recommended. Proof of enrollment must be provided to Joshua within 40 days from this Order.

[¶34] The district court further modified the parenting plan to provide:

i)    Neither party shall drink **ANY** alcohol while they are providing care for D.S. **and neither party may provide care for D.S. after consuming alcohol for a period of at least 8 hours.**

ii)    . . . .

iii)   Neither parent shall transport the child if they are under the influence of alcohol or drugs, **or if they have consumed alcohol within 8 hours of transport**.

[¶35] Staiger argues the conditions the district court imposed on Johnson are too lenient compared to the conditions imposed on him. Staiger ignores the significant distinctions between his alcohol, mental health, and behavior issues and Johnson's alcohol issues. The court discussed its reasons for imposing restrictions on Staiger's parenting time and imposing the graduated parenting plan in its prior order. That order is not before this Court. Rather, the issue on appeal are the restrictions the court imposed on Johnson. Staiger has not demonstrated the court's finding the restrictions it imposed on Johnson are adequate to protect D.S. is clearly erroneous.

[¶36] The district court's decision to provide limited modifications to the parenting plan is not clearly erroneous. We affirm the court's order modifying the parenting plan.

IV

[¶37] Staiger argues the district court erred in denying his motion for reconsideration.

[¶38] North Dakota law does not formally recognize motions to reconsider. *Zepeda v. Cool*, 2021 ND 146, ¶ 12, 963 N.W.2d 282. However, "if properly written and argued, the district court may treat a motion for reconsideration as a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j) or a motion for relief from a judgment under N.D.R.Civ.P. 60(b)." *Wheeler v. Sayler*, 2022 ND 220, ¶ 9, 982 N.W.2d 573. A district court's denial of a Rule 59(j) or Rule 60(b) motion will not be reversed on appeal unless the court abused its discretion. *Schmidt v. Hageness*, 2022 ND 179, ¶ 7, 981 N.W.2d 120. "A district court abuses its discretion if it acts in an arbitrary, unreasonable, or unconscionable manner; its decision is not the product of a rational mental process leading to a reasoned determination; or it misinterprets or misapplies the law." *Id.* "An abuse of discretion is never assumed and must be affirmatively established, and this Court will not reverse

a district court's decision merely because it is not the one it would have made had it been deciding the motion." *Curtiss v. State*, 2020 ND 256, ¶ 8, 952 N.W.2d 43 (quoting *Anderson v. Baker*, 2015 ND 269, ¶ 7, 871 N.W.2d 830).

[¶39] North Dakota Rules of Civil Procedure 59(j) allows a party to request the district court to alter or amend its judgment to correct errors of law. *Harris v. Oasis Petroleum, Inc.*, 2024 ND 85, ¶ 10, 6 N.W.3d 611. A Rule 59(j) motion does not usually request a reexamination of issues of fact. A Rule 59(j) motion "can be used to present previously unavailable evidence, but should not be used to reexamine facts nor reconsider evidence already presented." *Schmidt*, 2022 ND 179, ¶ 8.

[¶40] North Dakota Rules of Civil Procedure 60(b) provides a court may relieve a party from a final judgment if one or more of six reasons or grounds are met: "1) mistake or neglect occurred; 2) newly discovered evidence that could not have been discovered previously; 3) fraud; 4) the judgment is void; 5) the judgment was based on an earlier judgment that has been reversed or vacated; or 6) any other reason that justifies relief." *Schmidt*, 2022 ND 179, ¶ 9. "The party asking for relief has the burden to show sufficient grounds for disturbing the final judgment and relief will only be granted in exceptional circumstances." *Id.*

A

[¶41] Staiger argues the district court violated N.D.R.Ct. 3.2(a)(2) and denied him "a fair opportunity to be heard." He asserts the court issued its order denying his motion for reconsideration before his reply brief was due. *See Dietz v. Dietz*, 2007 ND 84, ¶ 17, 733 N.W.2d 225 (concluding the district court erred in not allowing a party the opportunity to file a reply brief).

[¶42] The district court remedied its premature issuance of the order denying reconsideration by considering Staiger's reply brief. In its order denying modification, the court stated it "reviewed the Defendant's reply to his original motion requesting the Court reconsider its order[.]" It then stated, "After having reviewed the Defendant's reply, no modification of the Court's previous Order is warranted."

11

[¶43] The district court did not deny Staiger the opportunity to be heard because it considered Staiger's reply brief to determine whether it impacted the court's decision.

B

[¶44] In his motion, Staiger cited N.D.R.Civ.P. 60(b) as authority. Staiger's brief referenced both N.D.R.Civ.P. 59(j) and Rule 60(b). The only argument in Staiger's district court briefs regarding Rules 59(j) and 60(b) is that the motion was timely under both rules. Staiger's brief did not specify under which Rule 60(b) ground he sought relief. His brief also did not state why he was entitled to relief under either rule. Rather, he reviewed facts, submitted additional evidence, made arguments, and then requested changes to the parenting plan.

[¶45] In its order denying motion for reconsideration, the district court noted Staiger provided with his motion new information "never presented previously." The court explained it "lacks information to find these documents were unavailable prior to the full hearing." It then stated it "should not and will not consider this new evidence as it is not appropriate."

[¶46] Staiger's motion did not identify an alleged error of law that needed to be corrected under N.D.R.Civ.P. 59(j). It also relied on evidence already presented or that he did not show was not available at trial. *Werven v. Werven*, 2016 ND 60, ¶ 27, 877 N.W.2d 9 ("A motion to amend a judgment may not be used to present evidence that was available to be presented at trial."). Staiger's motion also did not specify or argue an applicable ground for relief provided in N.D.R.Civ.P. 60(b), or why relief was appropriate under any ground provided in Rule 60(b). *See Richardson v. Richardson*, 2022 ND 185, ¶ 4, 981 N.W.2d 907 (holding the district court did not abuse its discretion in denying a motion for reconsideration when the movant did not argue the grounds available for relief under either N.D.R.Civ.P. 59(j) or N.D.R.Civ.P. 60(b)); *Matter of Yates*, 2022 ND 11, ¶ 7, 969 N.W.2d 195 (affirming the district court's denial of requests for reconsideration when petitioners did "not identify either Rule 59(j) or 60(b) in their requests for reconsideration, nor [did] they otherwise specify applicable grounds for relief from the orders as provided in Rule 60(b)"); *Fleck v. Fleck,* 337 N.W.2d 786, 790

12

(N.D. 1983) ("A mere recitation of the grounds set forth to Rule 60(b), N.D.R.Civ.P., without specific details underlying such assertions, is not sufficient to afford relief.").

[¶47] Staiger fails to argue on appeal why he was entitled to relief under N.D.R.Civ.P. 59(j) or N.D.R.Civ.P. 60(b). Staiger's briefs do not cite Rule 59(j) or Rule 60(b) in their tables of authorities. The only mention of Rules 59 and 60 in Staiger's briefs is that Rule 59 and Rule 60 may obviate the necessity of an appeal and that Rule 59 is not a prerequisite for appellate review. Staiger's briefs do not identify an alleged error of law the district court should have corrected under Rule 59(j). They also do not specify a ground for relief in Rule 60(b) or why the district court should have granted relief under a specific ground provided in Rule 60(b).

[¶48] Based on the arguments presented, Staiger has not demonstrated the district court abused its discretion in denying his motion for reconsideration.

V

[¶49] Staiger argues the district court did not rule on his motion for clarification.

[¶50] "Clarification of a judgment is appropriate when the judgment fails to specify some particulars, and uncertainties in the decree arise from subsequent events." *Matter of Curtiss A. Hogen Tr. B*, 2020 ND 71, ¶ 14, 940 N.W.2d 635 (quoting *Hoverson v. Hoverson*, 2017 ND 27, ¶ 6, 889 N.W.2d 858). We have recognized motions for clarification "if there is an ambiguous provision in the judgment that creates an actual controversy between the parties." *Neubauer v. Neubauer*, 524 N.W.2d 593, 595 (N.D. 1994). We review a denial of a motion for clarification under the abuse of discretion standard. *Ritter v. Ritter*, 2017 ND 180, ¶ 1, 899 N.W.2d 272; *Praus v. Praus*, 2010 ND 156, ¶ 19, 786 N.W.2d 697.

[¶51] Contemporaneous with his motion for reconsideration, Staiger filed a motion for clarification. He sought clarification because he requested specific relief in his prior motion that the district court did not address. He also asserted the parties disputed certain provisions of the parenting plan and requested the court clarify the provisions. Johnson responded to Staiger's motion asserting the

13

issues were res judicata. She did not indicate any of the provisions of the second amended judgment were ambiguous.

[¶52] In its order denying modification, the district court stated "no modification of the Court's previous order is warranted." It further stated, "Any disputes regarding the parenting plan must be resolved by utilizing the dispute resolution procedure detailed in the parenting plan."

[¶53] The district court did not specifically reference Staiger's motion for clarification in its order denying clarification. However, it addressed it by stating Staiger had to resolve his purported disputes over the parenting plan by utilizing the dispute resolution procedure in the parenting plan. The court did not abuse its discretion in requiring the parties to utilize the dispute resolution procedure in the second amended judgment to resolve disputes regarding the parenting plan.

VI

[¶54] Johnson argues this appeal is frivolous and requests attorney's fees. She argues the appeal is devoid of merit, that Staiger misrepresented the district court's findings, and he continues to relitigate the same issues. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates bad faith in pursuing the litigation." *McCay*, 2024 ND 130, ¶ 30.

[¶55] Staiger's appeal is not flagrantly groundless or devoid of merit, nor does it demonstrate bad faith in pursuing the litigation. We deny Johnson's request for attorney's fees on appeal.

VII

[¶56] We affirm the district court's second amended judgment, the order denying motion for reconsideration, and the order denying modification. We deny Johnson's request for attorney's fees.

[¶57] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers

14

Jerod E. Tufte

Douglas A. Bahr